

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHANCE DEWAYNE GRANTHAM, | § | No. 08-24-00103-CR |
| Appellant, | § | Appeal from the |
| v. | § | 33rd/424th District Court |
| THE STATE OF TEXAS, | § | of Llano County, Texas |
| Appellee. | § | (TC# CR8664) |

## MEMORANDUM OPINION

Appellant, Chance Dewayne Grantham, filed a notice of appeal for a judgment of conviction on charges of bail jumping and failure to appear. *See* Tex. Penal Code Ann. § 38.10(f). We dismiss the appeal because the trial court certified that Appellant has waived the right of appeal.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires that the trial court enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). The clerk's record in this cause contained two certificates of the defendant's right of appeal. The first certification, signed by the trial court on April 1, 2024, states that the case "[i]s not a plea-bargain case, and the defendant has the right to

appeal." The second certification, signed April 4, 2024, states that defendant "has waived the right of appeal."

On April 26, 2024, this Court sent notice to the parties that the clerk's record included a certification stating that Appellant had waived the right of appeal. Our notice requested that Appellant's counsel submit a short letter brief to address whether Appellant had the right of appeal in this case. Counsel for Appellant did not respond.

On May 14, 2024, court reporter Jennifer Fest filed a notice of no record, stating: "The defendant has waived his right to appeal regarding this matter when he subsequently entered pleas to other pending cases; therefore, unless directed otherwise, no Reporter's Record will be submitted." That same day, this Court issued an abatement order directing the trial court to correct the conflicting certifications in the record. The supplemental clerk's record filed pursuant to our abatement order contains a new certification of the defendant's right of appeal signed by the trial court on May 20, 2024. The certification states that defendant has waived the right of appeal, affirming the April 4, 2024 certification, and is signed by the trial court. Appellant and Appellant's counsel have not signed the most recent May 20, 2024 certification, but their signatures appear on the April 4, 2024 certification.

The record before us consists only of a clerk's record. Tex. R. App. P. 34.1 (stating that the appellate record consists of the clerk's record and "if necessary to the appeal," the reporter's record). There is no indication that Appellant has attempted to file a reporter's record, even after Ms. Fest's notice that she would not be filing the record unless directed otherwise. Further, Appellant has not filed a brief raising any issues presented in the clerk's record, which would have been due 30 days after the clerk's record was filed on April 24, 2024. Tex. R. App. P. 38.6(a)

(stating that an appellant must file a brief within 30 days of the latter of the date the clerk's record or reporter's record was filed).

Because the record before us does not contain a certification that Appellant has the right of appeal, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 25.2(d) (requiring a certification of the defendant's right of appeal).

This Court further ORDERS Appellant's attorney, pursuant to Texas Rule of Appellate Procedure 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. Tex. R. App. P. 48.4; 68. Appellant's attorney is further ORDERED to comply with all requirements of Texas Rule of Appellate Procedure 48.4.

JEFF ALLEY, Chief Justice

July 22, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)